UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TURAMA STITTS,

    Plaintiff,

    v.                                CAUSE NO. 3:22-CV-167-JD-MGG

LOTT, et al.,

    Defendants.

OPINION AND ORDER

Turama Stitts, a prisoner without a lawyer, filed an amended complaint against six defendants alleging he was subjected to unconstitutional conditions of confinement at the Indiana State Prison. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stitts alleges that, on December 28, 2021, he was moved to D-Cellhouse because he was under investigation. ECF 13 at 2. When he was moved that day, he was told he would be given his personal property, but he never received it. *Id*. From December 29, 2021 to January 3, 2022, Stitts asserts he asked the defendants for his property, including his mattress and cover, and they told him they would check on his items. *Id*. From

January 4, 2022 to January 22, 2022, he complained to Lieutenant Lott, Sergeant Bass, and Sergeant Arnold about not being given his property. *Id*. Stitts states they could see he was sleeping on a steel bed, with no cover. *Id*. He asserts the heat in his building did not work and the windows were broken. *Id*. However, none of the defendants would help him obtain adequate clothing or bedding even though he repeatedly complained to them as they walked by his cell each day from December 28, 2021 to January 22, 2022. *Id*. Because of the situation, Stitts filed a grievance and called his mother. *Id*. After he talked with his mother, Sergeant Arnold questioned him about the situation and an officer gave him a cover. *Id*. at 3. Stitts asserts that being denied his personal property for almost a month caused him physical pain and emotional suffering. *Id*.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must

show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Giving Stitts the favorable inferences to which he is entitled at this stage of the proceedings, he has alleged a plausible Eighth Amendment conditions-of-confinement claim of deliberate indifference against Lieutenant Lott, Sergeant Bass, and Sergeant Arnold for refusing to provide him with adequate clothing and bedding from December 28, 2021 to January 22, 2022.

To the extent Stitts has sued Lieutenant McCormick, Officer Gram, and Officer Hernandez, other than listing them as defendants in the caption of his case, he never mentions them in the body of the complaint. Therefore, he may not proceed against these defendants.

For these reasons, the court:

(1) GRANTS Turama Stitts leave to proceed against Lieutenant Lott, Sergeant Bass, and Sergeant Arnold in their individual capacities for compensatory and punitive damages for refusing to provide him with adequate clothing and bedding from December 28, 2021 to January 22, 2022, in violation of the Eighth Amendment;

3

(2) DISMISSES all other claims;

(3) DISMISSES Lieutenant McCormick, Officer Gram, and Officer Hernandez;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Lott, Sergeant Bass, and Sergeant Arnold at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 13);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Lott, Sergeant Bass, and Sergeant Arnold to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 4, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT