UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TURAMA STITTS,<br><br>       Plaintiff,<br><br>       v.<br><br>LOTT, et al.,<br><br>       Defendants. | CAUSE NO. 3:22-CV-167-JD-JEM |

OPINION AND ORDER

Turama Stitts, a prisoner without a lawyer, is proceeding in this case "against Lieutenant Lott, Sergeant Bass, and Sergeant Arnold in their individual capacities for compensatory and punitive damages for refusing to provide him with adequate clothing and bedding from December 28, 2021 to January 22, 2022, in violation of the Eighth Amendment[.]" ECF 17 at 3. On March 21, 2023, the defendants filed a motion for summary judgment, arguing Stitts did not exhaust his administrative remedies before filing suit. ECF 30. With the motion, the defendants provided Stitts the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 29. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over four months ago,

but Stitts has not responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh

2

Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison ("ISP"), who attests to the following facts:[1] On January 22, 2022, Stitts filed a grievance complaining he had been transferred to a new cellhouse on December 28, 2021, and had not yet received any of his property, including a mattress, blanket, or clothing. ECF 30-1 at 6; ECF 30-3 at 5. Specifically, Stitts alleged that "from December 28, 2021, to January 22, 2022, and ongoing I have not been issued any of my property. I have no mattress, blanket, clothing[.]" ECF 30-3 at 5. On February 1, 2022, the Grievance Specialist rejected this grievance as untimely because it was submitted "outside of time frame." *Id.* at 4.

Here, the undisputed facts show the grievance office made Stitts' administrative remedies unavailable by improperly rejecting his January 22 grievance as untimely. Specifically, Stitts' January 22 grievance complained that he was actively being denied access to a mattress, blanket, and clothing. ECF 30-3 at 5. Because this grievance sought to remedy an ongoing injury, it was improperly rejected as untimely. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (noting that every day that the defendants had

---

[1] Because Stitts has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

"prolonged [an inmate's] agony by not treating his painful condition marked a fresh infliction of punishment"); *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) (holding that, as long as jail officials are aware of the inmate's need for treatment and refuse to act, the refusal continues as long as the officials had the power to act); *Weiss v. Barribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (determining that an examiner had failed to explain why a grievance was untimely where the grievance complained of an ongoing injury). The Grievance Specialist also attests Stitts did not correct and resubmit his January 22 grievance after it was rejected by the grievance office, but it is unclear what corrections Stitts was expected to make where the grievance was improperly rejected as untimely. Lastly, the defendants argue Stitts' January 22 grievance only listed Sgt. Bass and Sgt. Arnold and did not address Lt. Lott. ECF 32 at 5. But Stitts was not required to list each defendant in his grievance, and the contents of his January 22 grievance were sufficient to put the prison on notice of his problem with each defendant. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it).

  Accordingly, because the undisputed facts show the grievance office made Stitts' administrative remedies unavailable by improperly rejecting his grievance, the defendants have not met their burden to show Stitts had available administrative remedies he did not exhaust before filing this lawsuit. For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 30).

SO ORDERED on September 14, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT