UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TURAMA STITTS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:22-CV-167-JEM |
| | ) | |
| LOTT, *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

Turama Stitts, a prisoner without a lawyer, is proceeding in this case "against Lieutenant Lott, Sergeant Bass, and Sergeant Arnold in their individual capacities for compensatory and punitive damages for refusing to provide him with adequate clothing and bedding from December 28, 2021, to January 22, 2022, in violation of the Eighth Amendment." [DE 17] at 3]. On March 27, 2024, the defendants filed a motion for summary judgment. [DE 50]. With the motion, the defendants provided Stitts the notice required by Northern District of Indiana Local Rule 56-1(f). [DE 53]. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over six months ago, but Stitts hasn't responded. Therefore, the Court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable

1

[factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Id*. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's

welfare in the face of serious risks.'" *Stockton v. Milwaukee County*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc*., 982 F.3d 451, 458 (7th Cir. 2020)).

Stitts testified at his deposition to the following facts: On December 28, 2021, Stitts was moved into restrictive housing within the D-Cell house. [DE 50-1] at 18. When he arrived at the D-Cell house, he had no property with him aside from a jumpsuit he was provided and a steel mattress frame in his cell. *Id.* at 18-19. For the first three weeks in D-Cell house, Stitts did not have any property in his cell and was forced to live without a mattress or blanket. *Id.* at 20. Sometime in January, Stitts called his mother about the lack of property in his cell, and his mother called the prison. *Id.* at 20-21. The next day, Sgt. Arnold brought him a blanket. *Id*. By that time, Stitts already had obtained a mattress from another inmate. *Id.* at 21. Stitts recalled discussing his missing property with various prison staff, including the defendants, but conceded he couldn't "pinpoint" exactly what the defendants knew. *Id.* at 25-28. He testified he named Lt. Lott, Sgt. Bass, and Sgt. Arnold in this lawsuit because "deep down within myself, I feel like . . . they knew what was going on," but he conceded that he didn't actually know and couldn't say for sure whether they knew he was missing his property. *Id.* at 28-29.

The defendants argue summary judgment is warranted in their favor because they were not personally aware Stitts was missing a blanket or mattress and were not deliberately indifferent to his needs. [DE 51 at 10]. They provide their own affidavits in which they attest to the following facts:[1] During all relevant times, all three defendants were assigned to the D-Cell house where Stitts was located. ECF 50-2 at 1; [DE 50-4] at 1; DE 50-5] at 1. D-Cell house is a restrictive housing unit which restricts the amount of property an inmate can keep in his cell. [DE 50-2] at 2.

---

[1] Because Stitts has not responded to the defendants' summary judgment motion, the Court accepts the defendants' attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

Inmates in D-Cell house are only allowed one set of clothing at any given time, and can exchange their clothing for a clean set when they get a shower. *Id.* None of the defendants have any recollection of ever seeing or being informed that Stitts lacked a mattress or blanket in his cell. [DE 50-2] at 2-3; [DE 50-4] at 2-3; [DE 50-5] at 2-3] At all relevant times, Officer Hawkins was the property room officer, and none of the defendants were assigned to the property room or had any personal involvement in managing, maintaining, or disseminating inmates' property. [DE 50-2 at 2-3; DE 50-4 at 2; DE 50-5 at 2]. The defendants assert that if Stitts had asked any of them for a blanket or mattress, they would have reported that information to Officer David Hawkins, encouraged Stitts to fill out a slip to submit to the property room, and taken steps to obtain an extra blanket for Stitts from the storage room. [DE 50-2] at 3; [DE 50-4] at 2; [DE 50-5] at 2-3. None of the defendants have ever heard of any inmate in D-Cell house missing a mattress for an extended period of time and can only recall instances where an inmate was missing a mattress because the inmate altered or burned his mattress. [DE 50-2] at 2-3; [DE 50-4] at 3; [DE 50-5] at 3.

In this case, there's no evidence in the record by which a reasonable jury could conclude the defendants violated Stitts' Eighth Amendment rights by denying him adequate clothing and bedding in the D-Cell house between December 28, 2021, and January 22, 2022. Specifically, the defendants attest they were unaware Stitts was ever missing any of his property, and that if they'd been informed of that fact, they would have taken steps to ensure he received the needed materials. They also attest that Officer Hawkins (who is not a party in this lawsuit) was the property room officer responsible for handling inmates' property, and they were not personally involved in managing, maintaining, or disseminating inmates' property. Stitts does not respond to or provide any evidence disputing these attestations. While he testified at his deposition that he recalled speaking to the defendants about his missing property, he conceded he could not "pinpoint"

4

anything and didn't know for sure what they knew about his missing property. Because the defendants provide undisputed evidence that they did not know Stitts ever lacked adequate clothing or bedding in the D-Cell house and were not personally involved in managing or disseminating his property, no reasonable jury could conclude they acted in an intentional or criminally reckless manner by failing to provide those materials. *See Board*, 394 F.3d at 478.

For these reasons, the Court:

(1) **GRANTS** the defendants' summary judgment motion [DE 50]; and

(2) **DIRECTS** the clerk to enter judgment in favor of the defendants and against Turama Stitts and to close this case.

SO ORDERED this 23rd day of October, 2024.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*